Filed 12/02/24

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04996

Atticus Gillen v. Madeleine Muller

## Findings, Conclusions, and Order

In this case, plaintiff Atticus Gillen has sued his former girlfriend Madeleine Muller to recover $24,000 that he allegedly loaned her during their relationship. The court construes the complaint as raising claims for breach of contract and unjust enrichment. A bench trial was held on October 28, 2024, at which both parties appeared and testified. Plaintiff was pro se and defendant was represented by attorney Corby Gary. For the reasons set forth below, the court will enter judgment for defendant on plaintiff's claims.

## Findings of Fact

The parties met online in 2017 or 2018 and began exchanging messages and comments. They met in person for the first time on Valentine's Day in 2023 and began a brief but intense romantic relationship. Plaintiff was on house arrest at the time so the parties would spend nearly all their time together at his residence—first at his aunt's house in Glover and then in a van parked at his mother's house in Morrisville. Defendant would often stay with plaintiff, buy groceries, and cook meals for them.

In April 2023, plaintiff gave defendant $20,000 to help her start a painting business. The parties dispute whether defendant ever agreed to repay plaintiff. Defendant claims the money was a gift while plaintiff claims that defendant agreed to repay him when her business became successful. Within months, plaintiff began asking for repayment. The parties began spending less time together. Nonetheless, plaintiff soon gave defendant an additional $4,000 dollars. The parties similarly dispute whether there was any repayment agreement attached to this money. There is no evidence of any written agreement between the parties.

The relationship was intense and eventually volatile. When defendant visited plaintiff, he would not mention the money and would talk about starting a family together. When defendant was not with plaintiff, he would text and call her relentlessly, would demand the money back, and would boast to plaintiff about other women he was seeing. Some of the parties' text communications were introduced at the hearing. In one, plaintiff states, "You owe nothing and if anything I owe money to you." Def.'s Exh. R. In another, defendant states, "I am not interested in talking anymore unless it's about the $20,000 gift you gave me that you're now threatening to sue me over," and plaintiff responded, "I am going to forget about it and let it go. . . . Keep the money and I'll pay you so someone can have a life for the work I have done s[ince] mine is over." Def.'s

Exh. N. In other messages, plaintiff similarly indicated that he would not accept money from defendant and even offered her additional money. While in others, plaintiff threatened to sue defendant, destroy her company, and called her an evil person.

Eventually, the relationship deteriorated to the point that the parties began filing for relief-from-abuse orders against each. Plaintiff is currently prohibited from having contact with defendant because of a final order issued in Case No. 24-FA-01327.

## Conclusions of Law

Plaintiff has not established that he had an enforceable contract with defendant. As the Vermont Supreme Court has explained:

> An enforceable contract requires a meeting of the minds of the parties: an offer by one of them and an acceptance of such offer by the other. A valid offer is one that is intended to create a legally binding relationship on acceptance. To constitute a meeting of the minds, the acceptance must in every respect meet and correspond with the offer, neither falling short of nor going beyond the terms proposed, but exactly meeting them at all points and, in the absence of such an acceptance, subsequent words or acts of the parties cannot create a contract.

*Sweet v. St. Pierre*, 2018 VT 122, ¶ 12, 209 Vt. 1 (quotations and alterations omitted). As noted above, there is no evidence of a written agreement between the parties. And while that is not fatal to plaintiff's contract claim, the evidence does not show that the parties had an enforceable verbal agreement. Critically, the evidence does not show what terms were offered by plaintiff and accepted by defendant. Most importantly, the evidence does not show that defendant ever agreed to repay plaintiff. Nor does it show when or how any such repayment was supposed to occur.

The court construes plaintiff's pro se complaint as also raising a quasi-contract or unjust enrichment claim. *See Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219 (noting that "pro se litigants receive some leeway from the courts").

Accordingly, the court must consider "whether (1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value." *McLaren v. Gabel*, 2020 VT 8, ¶ 25, 211 Vt. 591 (quotation omitted). "Unjust enrichment is present if, in light of the totality of the circumstances, equity and good conscience demand that the benefitted party return that which was given." *Id.* "[W]hether there is unjust enrichment may not be determined from a limited inquiry confined to an isolated transaction. It must be a realistic determination based on a broad view of the human setting involved." *Id.*

Here, it is undisputed that defendant accepted and retained a significant benefit from plaintiff, namely $24,000. The questions thus becomes whether it is inequitable for defendant to retain the benefit based on the totality of circumstances. "A successful unjust enrichment claim in this context"—*i.e.*, in the context of a financial benefit conferred during a romantic relationship—"depends on a determination that it was justified by the circumstances for plaintiff to expect that by giving defendant the money . . . , he would share, directly or indirectly, in the

resulting benefits . . . as a part of their ongoing domestic relationship." *Id.*, ¶ 28 (applying Restatement (Third) of Restitution and Unjust Enrichment § 28 (2011)).

There are doubtless significant aspects of the parties' relationship of which the court is not aware. Based on the evidence presented, however, the court cannot conclude that plaintiff was justified in expecting to share in the benefits of defendant's business venture or her other activities. The parties had been dating a mere two months when plaintiff decided to give defendant the initial $20,000. *Compare id.* at ¶¶ 27-30 (upholding trial court's finding that expectation of shared benefit was justified where parties had been in a relationship for over 20 years). Although defendant frequently spent the night with plaintiff during the beginning of the parties' relationship, she did not live with plaintiff full-time for more than a few weeks. Defendant then began spending less and less time with defendant, yet he decided to give her an additional $4,000. The evidence suggests that plaintiff was in a difficult phase of his life and was using his financial largesse to entice (at best) or pressure (at worst) defendant into continuing the relationship. It is not clear how defendant viewed the situation. In any event, it is well beyond the court's ability to determine who was "right" or "wrong" in the context of the parties' relationship. All the court can do is determine whether plaintiff has proved a claim for unjust enrichment. The court concludes that he has not.

## Order

For the reasons set forth above, judgment is entered for defendant.

Electronically signed on: 12/1/2024 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge

Electronically signed pursuant to V.R.E.F. 9(d)

John S. Hall
Assistant Judge

Electronically signed pursuant to V.R.E.F. 9(d)

_____
Merle L. Haskins
Assistant Judge